IN THE INTEREST OF D.D.
No. 29066
Intermediate Court of Appeals of Hawaii.
January 26, 2009.
On the briefs:
Joseph Dubiel, for Mother-Appellant.
Herbert Y. Hamada, for Father-Appellant.
Catherine A. Betts, Mary Anne Magnier, Deputy Attorneys General for Petitioner-Appellee, Department of Human Services.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and LEONARD, JJ.
Mother-Appellant (Mother) and Father-Appellant (Father) (collectively, Parents) appeal from the Order Awarding Permanent Custody (Order) filed on March 10, 2008 in the Family Court of the First Circuit (family court).[1] The Order terminated Parents' parental rights over their child (D.D.) and awarded permanent custody to Petitioner-Appellee State of Hawai'i Department of Human Services (DHS).
On appeal, Parents argue that the family court clearly erred in finding that they were not, and would not be within a reasonable period of time, able to provide a safe family home for D.D. because the family court did not give them reasonable time to do so. Parents ask this court to reverse the Order.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Parents' point of error as follows:
The circuit court did not clearly err in finding that Parents were not, and would not be within a reasonable period of time, able to provide a safe family home for D.D.
The record reveals Parents' long-standing history of substance abuse, DHS's active offers of services to assist Parents in rehabilitating their substance-abuse problems, and Parents' repeated failure to receive consistent treatment long before February 6, 2007, when D.D. was first placed under foster custody (approximately 1 year before DHS filed its Motion for Permanent Custody of D.D.).[2] In re Doe, 95 Hawai'i 183, 191, 20 P.3d 616, 624 (2001) (internal quotation marks and citation omitted) ("[T]he family court may look to the past and present conditions of the home and natural parents so as to gain insights into the quality of care the child may reasonably be expected to receive in the future."). Where there was substantial evidence for the family court to determine that Parents were not presently able to provide a safe home for D.D. and would not be able to do so within a reasonable period of time, we hold that the family court's finding was not clearly erroneous.
Therefore,
The Order filed on March 10, 2008 in the Family Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Christine E. Kuriyama presided.
[2] Parents do not dispute that they were already being advised by DHS of the services they needed to provide a safe family home for their children at the time D.D. was born; were frequently referred to substance-abuse or UA assessments and substance-abuse and UA programs; failed to meaningfully participate in and complete the services or to follow through with the recommendations from their assessments; failed to establish 90 consecutive days of sobriety, demonstrated by participating in a random UA program for 90 days; failed to keep in contact with their assigned DHS social worker; failed to be admitted to the Family Drug Court program by the June 7, 2007 hearing; and remained untreated for their substance-abuse problems at the time of trial.